THOMAS E. LONG AND WIFE, SANDRA M. LONG, AND GRADY L. MOR-
RIS AND WIFE, JOANNA C. MORRIS, PETITIONERS v. THE WINSTON-
SALEM BOARD OF ADJUSTMENT, FRED D. HAUSER, PETER
T. MELETIS, NORMAN SWAIM, JOHN G. PALMER, GEORGE W.
CRONE AND GEORGE F. NEWELL, RESPONDENTS

No. 7421SC299

(Filed 19 June 1974)

Municipal Corporations § 30— application for special use permit — absence
of findings — remand for de novo hearing

Application for a special use permit to construct multi-family
dwellings is remanded to the board of adjustment for a hearing *de
novo* where the board's denial of the permit was not supported by
findings of fact and the record does not contain substantial competent
evidence supporting the superior court's order that the permit must
be issued and directing the imposition of special conditions to be at-
tached to the issuance of the permit.

APPEAL by respondents from *Wood, Judge,* 10 December
1973 Session of Superior Court held in FORSYTH County.

Plaintiffs' application for a special use permit was denied
by defendant, Board of Adjustment. Plaintiffs' petition for cer-
tiorari to the Superior Court was granted.

Plaintiffs seek a special use permit for the construction of
multi-family dwellings on their property. The property is zoned
R-4, and local zoning ordinances authorize multi-family dwell-
ings in an R-4 zone if a special use permit is obtained.

The Superior Court reversed and ordered the Board of
Adjustment to issue a special use permit subject to:

"those reasonable conditions recommended by the Winston-
Salem/Forsyth County Planning Board; that is, that peti-
tioners begin no construction on the property in question
until Sandersted Road is dedicated and until said road is
paved up to petitioners' property line, and any other reason-
able conditions that said Board feels should attach."

Defendants appealed.

*White and Crumpler by Melvin F. Wright, Jr., for petitioner
appellees.*

*Womble, Carlyle, Sandridge & Rice by Roddey M. Ligon,
Jr., for respondent appellants.*

VAUGHN, Judge.

A board of adjustment's denial of a special use permit should be based on findings of fact supported by competent, material and substantial evidence. *Refining Co. v. Board of Aldermen,* 284 N.C. 458, 202 S.E. 2d 129, and cases cited therein. The Board made no findings of fact. After two hearings, where apparently none of the evidence was given under oath, the Board's findings in their entirety were as follows:

" . . . Mr. Palmer stated that in his opinion the Planning Board and others who had reviewed the site plan had erred in judgment by not determining that the proposed development would create a traffic hazard. He read from the ordinance the following site requirement relating to planned residential developments:

'Streets or highways, both within and in the vicinity of the planned residential development, shall be of such design and traffic-carrying capacity that the construction of a planned residential development would not create a traffic hazard.'

Based on the above, Mr. Palmer made a motion to deny the application. Mr. Meletis seconded the motion, and the vote was unanimous in favor of denial."

Assuming that the foregoing could be treated as a finding of fact, it is not supported by substantial competent evidence in the record before us. Neither does the record contain such substantial competent evidence as to allow the court to hold, as a matter of law, that the permit must be issued and specifically direct the imposition of special conditions to be attached to the issuance of the permit.

The judgment of the Superior Court is vacated. The cause is remanded to the Superior Court of Forsyth County for entry of a judgment (1) vacating the purported findings of fact and order of the Board of Adjustment, and (2) directing the Board to consider the application *de novo* and to make findings of fact based on competent evidence.

Vacated and remanded.

Judges CAMPBELL and MORRIS concur.